IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD J. LUCERO,

       Plaintiff,                         No. 2:10-cv-2132 LKK GGH P

    vs.

STEPHEN MAYBERG, et al.,

       Defendants.                   <u>ORDER</u>

_____/

        Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. While plaintiff, civilly committed to a state hospital, is proceeding against a number of defendants at both the state and county level with respect to claims of Fourteenth Amendment violations, under 42 U.S.C. § 1983, as well as claims under the ADA and RLUIPA, primarily arising from punitive conditions of confinement

1

he alleges he suffered by being improperly transferred to/housed in a county jail and state prison, it is evident that plaintiff has been adept at shepherding his case pro se.  This matter is currently set for a mediation/settlement conference, involving all parties, on September 18, 2012.  The level of knowledge plaintiff has consistently demonstrated regarding the issues involved in this case is such appointment of counsel is not warranted.  Plaintiff's request for the appointment of counsel will therefore be denied.

Accordingly, IT IS HEREBY ORDERED that plaintiff's June 28, 2012, request for the appointment of counsel (Docket No. 54) is denied.

DATED: July 11, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:009/kly
luce2132.31