1

2

3

4

5

6

7

8           IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RONALD J. LUCERO,                          No. CIV S-10-2132 LKK GGH P

12              Plaintiff,                      <u>ORDER</u>

13         vs.

14   STEPHEN MAYBERG, et al.,

15              Defendants.

16   _____/

17         Plaintiff is a civil detainee proceeding pro se with an action under 42 U.S.C. §

18   1983.  This case had been referred to volunteer mediator Joe Ramsey, and a mediation had been

19   scheduled for September 18, 2012 (docket #52).  However, Mr. Ramsey having become

20   unavailable due to an illness, the mediation was vacated by minute order (docket #59).  Since

21   that time, the court has been very saddened to learn of the passing of Mr. Ramsey.

22         All parties have previously waived any claim of disqualification of the

23   undersigned to preside as the settlement judge.  Therefore, in light of the recent very unfortunate

24   loss of Mr. Ramsey, this case will now be set for a settlement conference before the undersigned

25   on Wednesday, December 5, 2012 at 9:30 a.m. in Courtroom #9 at the U. S. District Court, 501 I

26   Street, Sacramento, California 95814.  Plaintiff is to appear by video conference from his current

1

1  place of detention.

2         A separate order and writ of habeas corpus ad testificandum will issue with this

3  order.

4         In accordance with the above, IT IS HEREBY ORDERED that:

5         1.  This case is set for a settlement conference on December 5, 2012, at 9:30 a.m.

6  in Courtroom #9, at the U. S. District Court, 501 I Street, Sacramento, CA 95814 before the

7  undersigned.

8         2.  Plaintiff shall personally attend, via video conference.

9         3.  Lead counsel for both the state and county defendants along with, as to each set

10  of defendants, a person with full and unlimited authority to negotiate and enter into a binding

11  settlement on behalf of defendants shall attend in person.[1]

12         4.  The court is in receipt of the confidential settlement conference statements

13  previously submitted to Mr. Ramsey.  If the parties have additional information they would like

14  to submit prior to the settlement conference, they may send a supplemental confidential

15  settlement statement to Sujean Park, ADR Coordinator, 501 I Street, Suite 4-200, Sacramento,

16  California 95814, or by email to spark@caed.uscourts.gov, so they arrive no later than November

17  _____

18         [1]While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to order parties, including the federal government, to participate in mandatory settlement conferences... ." United States v. United States District Court for the
19  Northern Mariana Islands, __F.3d__, 2012 WL 3984406 at *1, *4 (9th Cir. Sept. 12, 2012)("the district court has broad authority to compel participation in mandatory settlement
20  conference[s].").  The term "full authority to settle" means that the individuals attending the settlement conference must be authorized to fully explore settlement options and to agree at that
21  time to any settlement terms acceptable to the parties.  G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc.
22  v. Goss, 6 F. 3d 1385, 1396 (9th Cir. 1993).  The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if
23  appropriate. Pittman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pittman v. Brinker Int'l, Inc., 2003 WL 23353478 (D. Ariz. 2003).  The purpose
24  behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference.  Pitman, 216 F.R.D. at 486.  An
25  authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle.  Nick v. Morgan's Foods, Inc., 270 F. 3d 590, 596-97
26  (8th Cir. 2001).

2

26, 2012.

       5. Those in attendance must be prepared to discuss the claims, defenses and damages. The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions. In addition, the conference will not proceed and will be reset to another date.

DATED: October 9, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:009/sp
luce2132.med(2)